UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  
JUAN M. DELGADO  
        Debtor  
_____/

Case No.: 6:11-bk-11100-KSJ  
Chapter 13

**ORDER GRANTING DEBTOR'S VERIFIED MOTION FOR AN ORDER STRIPPING SECOND MORTGAGE LIEN IN FAVOR OF JP MORGAN CHASE BANK OR ITS SUCCESSORS AND/OR ASSIGNS, AND FOR A DETERMINATION THAT ANY MORTGAGE CLAIM IN THIS CASE, AS RELATED TO THE SECOND MORTGAGE ON THE DEBTOR'S REAL PROPERTY, IS WHOLLY UNSECURED**
**(Doc. No. 27)**

**THIS CAUSE** having come before the Court without a hearing upon the Debtor's Verified Motion for an Order Stripping Second Mortgage Lien in favor of JP Morgan Chase Bank or its Successor and/or Assigns, and for a Determination that any Mortgage Claim in this Case, as Related to the Second Mortgage on the Debtor's Real Property, is Wholly Unsecured (Doc. No. 27); the Court having reviewed the subject Motion and the Court file, and, the Court having noted that:

1. The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the party of its opportunity to object within thirty (30) days of the date of service.

2. No party filed an Objection or Response to the Motion within the time permitted; and

3. The Court, therefore, considers the matter unopposed;

**IT IS THEREFORE,**

**ORDERED AND ADJUDGED:**

1. That the Debtor's Verified Motion for an Order Stripping Second Mortgage Lien in Favor of JP Morgan Chase Bank, or its Successors and/or Assigns, and for a

Determination that any Mortgage Claim in this Case, as related to the second mortgage on the Debtor's Real Property, is Wholly Unsecured (Doc. No. 27) is **GRANTED**.

2. That the Mortgage lien of JP Morgan Chase Bank, or its Successors and/or Assigns, as an encumbrance upon the real property located at 9328 Bud Wood Street, Gotha, FL 34734-5035 and legally described as:

**Citrus Oaks Phase Four 29/128 The E 31.7 Ft of W 70.85 Ft of Lot 17, Parcel ID No. 28 2228 1355 00 170, Is hereby stripped in accordance with *In re Tanner*, 217 F.3d 1357 (11th Cir. 2000).**

3. That any claim filed in this case by JP Morgan Chase Bank, or its successors and/or assigns, shall be treated as a general unsecured claim.

4. That, upon entry of the Discharge, the subject lien is avoided and extinguished automatically without further Order, provided, however, that if the Debtor fails to make all required payments and no Discharge is entered, the Lien shall survive and remain fully enforceable.

DONE and ORDERED in Orlando, Florida, this 1st day of February, 2012

_____
**KAREN S. JENNEMAN**
**Chief United States Bankruptcy Judge**

**Copies furnished to:**

Debtor's Attorney, Astrid Vellon, 1500 S. Semoran Blvd., Orlando, FL 32807
Debtor, Juan Delgado, 1073 Harmony Lane, Clermont, FL 34711
Chapter 13 Trustee, Laurie K. Weatherford, P.O. Box 3450, Winter park, FL 32792;
Creditor, JP Morgan Chase Bank, NA Successor to Bank One, 800 Brooksedge Blvd., Westerville, OH 43081-2895
Creditor, JP Morgan Chase Bank, NA, Mail Code: OH4-7302, P.O. Box 24696, Columbus, Ohio 43224-0696